**BLD-159** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1522
_____

IN RE: GWENDOLYN WILSON,
Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3:17-cv-00995)

_____

Submitted Pursuant to Fed. R. App. P. 21
April 11, 2019

Before: AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 19, 2019)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Gwendolyn Wilson seeks a writ of mandamus. She asks this

Court to review the District Court's dismissal of her claims, to stay District Court

proceedings pending her appeal at C.A. No. 18-3697, and to order the District Court to

produce free transcripts of various hearings held during the litigation of her case.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Because Wilson has not demonstrated that she is entitled to mandamus relief, we will deny her petition.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks omitted).

Mandamus relief is not appropriate here. Wilson may obtain review of the dismissal of her claims in the appeal she is presently pursuing in this Court. See In re Diet Drugs, 418 F.3d at 379 ("[M]andamus must not be used as a mere substitute for appeal."). Regarding her remaining requests, Wilson has not sought a stay of proceedings from the District Court itself. Wilson has also never moved for production of the transcripts she seeks at government expense, either in the District Court or in this Court. Wilson filled out forms in the District Court that are used to request trial transcripts and audio recordings, which were forwarded to the court reporter without the required payment, but no trial was ever held in the District Court. Wilson has not explained why the production of these transcripts is necessary for her to pursue an appeal. Accordingly, we will deny Wilson's petition.

2